Only the Westlaw citation is currently available.

United States District Court, D. Massachusetts.
KINGVISION PAY-PER-VIEW, LTD., Plaintiff,
v.
Ernest A. LANGTHORNE, et al., Defendants.
No. CIV.A. 01-11079NG.
Nov. 28, 2001.

ORDER OF FINAL JUDGMENT

GERTNER, D.J.
*1 Plaintiff KingVision Pay-Per-View's ("KingVision") Motion for Default Judgment is hereby GRANTED, and default judgment is hereby ENTERED in its favor.
With regard to damages, I want to begin by noting that I am gravely troubled by the extent of damages the plaintiff seeks here. This is a case involving a single unauthorized broadcast of one boxing match by one small establishment that did not even charge its patrons a cover to enter the bar. As such, it is easily distinguishable from several of the cases cited by KingVision that involved repeated violations or more sustained attempts at commercial gain. *E.g., Time Warner Cable of New York City v. Olmo,* 977 F.Supp. 585, 587, 589 (E.D.N.Y.1997) (defendant held himself out as being in the business of "cable repair," distributed business cards to that effect, and actually modified two cable boxes brought to him by undercover investigators); *Cablevision Systems New York City Corp. v. Faschitti,* 38 U.S.P.Q .2d 1156, 1158 (S.D.N.Y.1996) (bar charged patrons a ten-dollar cover charge to enter the bar and view unauthorized broadcast).
Moreover, it is striking that, in practically all of the cases KingVision cites in support of its calculations, the awards are actually nowhere *near* the amounts sought in the present case. *See, e. g., D.C. Comics, Inc. v. Mini Gift Shop,* 912 F.2d 29 (2d Cir.1990) (upholding $500 damage award); *Olmo, supra* ($21,000); *Broadcast Music, Inc. v. R Bar of Manhattan, Inc.,* 919 F.Supp. 656 (S.D.N.Y.1996) ($12,000). In the one case where the damage amount was comparable, *Subscription Television of Greater Washington v. Kaufmann,* 606 F.Supp. 1540 (D.D.C.1985), damages of around $111,000 were awarded against a defendant who admitted to selling between thirty and forty illegal cable decoders per week.
KingVision also seeks enhanced damages on the grounds that the default judgment against the plaintiffs automatically gives rise to an "inference of willfulness" on their part. I find this rationale to be extremely problematic as well. The federal courts have actually split on the availability of such an inference; while some have upheld it, *see, e.g., Joe Hand Promotions, Inc. v. Salinetti,* 148 F.Supp.2d 119, 122-23 (D.Mass.2001); *Olmo,* 977 F.Supp. at 589, at least one court has rejected it:
In asking for enhanced statutory damages, Plaintiff contends that its allegations-that the Program was willfully displayed for direct or indirect commercial advantage or private financial gain-should be deemed admitted under the rules governing default···· However, since Plaintiff's allegations of willfulness bear directly on the question of damages, the mere assertion that Defendants acted willfully is insufficient to justify enhanced damages. *Entertainment by J & J, Inc. v. Perez,* No. C99-4261 THE, 2000 WL 890819, *2 (N.D. Cal. June 30, 2000).
I find the approach taken by the California District Court to be both sensible and persuasive. The mere fact that the defendants in this case defaulted, without more, is totally insufficient to sustain the damage award sought here. Plaintiff essentially seeks to put the defendants out of business for this single infraction, a plan in which I decline to participate.
*2 Accordingly, damages are hereby awarded to KingVision in the amount of $11,585.00: $1000 in statutory damages for the § 605(a) violation, $10,000 in statutory

damages for the § 605(e)(4) violation, and $585.00 in attorney's fees and costs.
SO ORDERED.
D.Mass.,2001.
Kingvision Pay-Per-View, Ltd. v. Langthorne